# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MIGUEL A. FLORES,<br><br>          Petitioner,<br><br>vs.<br><br>WARDEN NEIL TURNER,<br><br>          Respondent. | CASE NO. 3:19-CV-02608<br><br>DISTRICT JUDGE JEFFREY J. HELMICK<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**REPORT & RECOMMENDATION** |

Petitioner Miguel A. Flores brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  (ECF Doc. 1 ("Petition").)  Mr. Flores filed his Petition on November 7, 2019.[1]  (*Id.*)  His Petition relates to his convictions for engaging in a pattern of corrupt activity and aggravated trafficking and eight-year prison sentence in Wood County Common Pleas Court Case No. 2015-CR-0230, *State of Ohio v. Miquel Flores* following a guilty plea.  (ECF Doc. 1 p. 1; ECF Doc. 6-1 pp. 74-83, 146.)  Respondent filed an Answer/Return of Writ (ECF Doc. 6)) and Petitioner filed a Traverse (ECF Doc. 7).

This matter was reassigned to the undersigned Magistrate Judge on October 1, 2021 pursuant to General Order 2021-15.  For the reasons set forth in further detail herein, the undersigned recommends that the Court **DISMISS** and/or **DENY** Mr. Flores's Petition because it was not timely filed under the applicable statute of limitations and because his claims for relief are barred in light of his June 17, 2016 guilty plea.

---

[1] Mr. Flores's signature on his Petition bears the date of October 17, 2019, but he does not specifically indicate when he placed the Petition in the prison mailing system.  (ECF Doc. 1 p. 15.)  In the absence of that information, the mailbox rule, which provides that "a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts," *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)) is not applicable.

## I.  Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

The Sixth District Ohio Court of Appeals summarized the facts underlying Mr. Flores's conviction and sentence as follows:

> {¶ 2}  In 2007, appellant pled guilty of conspiracy to possess with intent to distribute cocaine, crack, and marijuana in the United States District Court for the Northern District of Ohio. *United States v. Flores*, 506 Fed.Appx. 468 (2012). He was sentenced to 27 months in prison and 4 years of supervised release. *Id.* at 469. Appellant violated his supervised release in 2011 and was sentenced to an additional 36 months in prison.
>
> {¶ 3}  On August 8, 2016, appellant pled guilty to one count of engaging in a pattern of corrupt activity in violation R.C. 2923.32(A)(1) and (B)(1), and one count of aggravated trafficking in violation of R.C. 2925.03(A)(1) and (C)(4)(f), felonies of the first degree. After accepting appellant's plea, the trial court imposed a prison sentence of eight years as to each of the two counts, to be served concurrently. Appellant did not file a direct appeal.

*State v. Flores*, 2018-Ohio-3980, ¶¶ 2-4, 2018 WL 4696999, *1 (Ohio App. Ct. 2018); (ECF Doc. 6-1 p. 146.)

## II.  Procedural Background

### A.  State Court Conviction

On June 18, 2015, a Wood County Grand Jury indicted Mr. Flores on one count of engaging in a pattern of corrupt activity, one count of permitting drug abuse, one count of aggravated trafficking with major drug offender ("MDO") specification, and one count of money

laundering for offenses alleged to have occurred during the years 2009 through 2011.  (ECF Doc. 6-1 pp. 4-13.)  Mr. Flores pleaded not guilty to all counts.  (*Id*. at pp. 14-15.)

Mr. Flores filed various pretrial motions, including a motion to dismiss under O.R.C. § 2925.50 that was filed on October 19, 2015.  (ECF Doc. 6-1 pp. 16-24.)  Mr. Flores argued that dismissal was warranted because he was previously prosecuted by federal authorities for the same acts.  (*Id*. at pp. 16-17.)  Mr. Flores also filed a motion to dismiss due to prejudicial preindictment delay on October 19, 2015 (*id.* at pp. 25-38), which was amended on October 26, 2015 to correct typographical errors and the name of an individual (*id.* at pp. 39-53).  Mr. Flores also filed a motion for a separate trial from his co-defendants on October 26, 2015.  (*Id*. at pp. 61-66.)  The State opposed Mr. Flores's pretrial motions.  (*Id*. at pp. 54-55, 56-60, 67.)  Following a hearing on May 26, 2016, the trial court denied Mr. Flores's motions to dismiss and motion for separate trials on June 7, 2016.  (*Id*. at pp. 68, 187-88.)

Mr. Flores subsequently withdrew his original plea of not guilty and entered a plea of guilty to an amended indictment, alleging one count of engaging in a pattern of corrupt activity and one count of aggravated trafficking without the MDO specification.  (ECF Doc. 6-1 pp. 69-77.)  There was an agreement to dismiss the two remaining counts.  (*Id*. at p. 74.)  The trial court accepted the guilty plea and found Mr. Flores guilty of engaging in a pattern of corrupt activity and aggravated trafficking.  (*Id*. at p. 76.)  Mr. Flores's case was scheduled for sentencing.  (*Id*.)

Mr. Flores appeared for sentencing on August 8, 2016.  (ECF Doc. 6-1 pp. 78-83.)  The trial court sentenced Mr. Flores to eight years in prison for engaging in a pattern of corrupt activity and eight years in prison for aggravated trafficking, with the sentences to be served concurrently.  (*Id*. at p. 80.)  The remaining two counts were dismissed.  (*Id*. at p. 83.)  The trial

court informed Mr. Flores of his right to appeal. (*Id*. at p. 82.) The judgment of conviction

sentencing entry was docketed on August 11, 2016. (*Id*. at p. 78.) Mr. Flores did not appeal.

**B.** **Petition to Vacate and/or Set Aside Judgment of Conviction**

Mr. Flores filed a *pro se* motion to vacate and/or set aside judgment of conviction on

August 14, 2017 (ECF Doc. 6-1 pp. 84-103), asserting the following claims:

1. Double Jeopardy in violation of R.C. 2925.50 & R.C. 3719.01 and the
   Fifth Amendment to the Constitution of the United States.

2. Ineffective assistance of counsel pursuant to Strickland v. Washington and
   the Sixth Amendment of the United States Constitution.

3. Invalid Search Warrant pursuant to R.C. 53.601.3 and R.C. 2933.24 and
   Crim.R. 41.

(*Id*. at p. 85 (underline in original).) He argued that: he "was sentenced to 36 months in federal

prison for the exact same crime and set of facts he [was] serving time for" (*id.* at p. 87); he

"received ineffective assistance of counsel when his trial counsel failed to investigate the facts of

[his] case," including not "interview[ing] the potential witnesses against the defendant and

determine[ing] the strength of the state's case," not "effectively examin[ing] the defective search

warrant," and not "consider[ing] and present[ing] to the court the defense of vindictive

prosecution" (*id.* at p. 90); and his due process rights were violated because the "search warrant

was invalid because it was a warrant that was commanded to be executed at 'night time' but it

was executed during the day time" (*id.* at p. 92). The State did not respond. (*Id*. at p. 104.) The

trial court denied the motion on February 9, 2018. (*Id*. at pp. 104-12.) The trial court held that

all three claims fell under Mr. Flores's ineffective assistance of counsel argument, and concluded

that the record showed no evidence of ineffective assistance of counsel. (*Id*. at pp. 106-11.)

Accordingly, the court denied the petition. (*Id*. at p. 111.)

On March 5, 2018, Mr. Flores filed a notice of appeal from the February 9, 2018 decision.  (ECF Doc. 6-1 pp. 113-14.)  After Mr. Flores filed an amended notice of appeal to append a copy of the judgment being appealed (*id.* at pp. 115-26), Mr. Flores filed his appellate brief on May 11, 2018 (*id.* at pp. 127-44), raising the following three assignments of error:

1.  Trial court abused its discretion . . . when it denied appellant's claim of a double jeopardy violation.

2.  Trial court abused its discretion when it applied the wrong standard of review to appellant's claim of ineffective assistance of counsel.

3.  Trial court abused its discretion when it arbitrarily denied appellant's claim of an invalid search warrant.

(*Id.* at pp. 130-39.)  The court of appeals affirmed the trial court's decision denying Mr. Flores's petition on September 28, 2018.  (*Id.* at pp. 145-53.)

On October 23, 2018, Mr. Flores filed a notice of appeal with the Supreme Court of Ohio. (ECF Doc. 6-1 p. 154) and memorandum in support of jurisdiction (*id.* at pp. 155-73.)  He raised the following three propositions of law:

1.  Appellant's Ohio incarceration, subsequent to his federal incarceration for the same violation violated Appellant's right to be free of double jeopardy.

2.  Appellant was denied his Sixth Amendment right to the effective assistance of counsel.

3.  Appellant's Fourth Amendment Right to be free of unlawful search and seizure was violated.

(*Id.* at pp. 158-62.)  On January 23, 2019, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Flores's appeal.  (*Id.* at p. 174.)

## C.  Federal Habeas Corpus Petition

Mr. Flores raises three grounds for relief in his Petition, filed November 7, 2019:

**GROUND ONE**: Trial Court violated Petitioner's Fifth Amendment Right to be free of double jeopardy.

**Supporting Facts**:  Petitioner was sentenced to 36 months in federal prison for the exact same crime and same set of facts he is serving time for now.  see United States v. Flores, 2012 U.S. App. Lexis 24684; 2021 Fed. App. 1228N (6th Cir.)[.]

**GROUND TWO**:  Ineffective Assistance of Counsel[.]

**Supporting Facts**:  Trial counsel failed to investigate the facts of the case, to include failing to effectively examine the defective sea[r]ch warrant, given erroneous information, failed to pursue meritorious defense.

**GROUND THREE**:  The Search Warrant used in this case was an illegal Search and Seizure in Violation of Petitioner's Fourth Amendment Right[.]

**Supporting Facts**:  The search warrant used in this case was invalid because it was a warrant that was commanded to be executed at "night time" but it was executed during the day.  The unlawfully seized items were used to induce a plea of guilty.

(ECF Doc. 1 pp. 5-8; ECF Doc. 1-1 pp. 4-8.)

### III.    Law & Analysis

Respondent argues the Petition should be dismissed or denied because: (1) Mr. Flores's claims for relief are barred by the statute of limitations (ECF Doc. 6 pp. 21-22); (2) the Petition challenges constitutional violations that allegedly occurred before Mr. Flores's guilty plea, which were procedurally defaulted or forfeited in light of his plea (*id*. at pp. 7-14, 20); and (3) the grounds for relief asserted in the Petition are without merit (*id.* at pp. 14-20).  In response, Mr. Flores argues in support of the merits of his claims, but does not directly address Respondent's arguments regarding the statute of limitations, procedural default, or forfeiture.  (ECF Doc. 7.)

For the reasons set forth in further detail below, the undersigned finds that the statute of limitations has expired for Mr. Flores's claims and that his guilty plea precludes him from seeking the specified relief.  Accordingly, the undersigned will not address Respondent's alternative arguments that the Petition should be dismissed on procedural default grounds and/or that the Petition should be denied on the merits.  Instead, the undersigned recommends that the

6

District Court **DISMISS** and/or **DENY** the claims in the Petition as untimely filed and barred in light of Mr. Flores's guilty plea.

A.     **Standard of Review Under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies."  *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)).  Further, if an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted unless the adjudication of the claim"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).  The burden of proof rests with the petitioner.  *Cullen*, 563 U.S. at 181.

7

**B.**     **Whether Petition was Timely Filed Under AEDPA Statute of Limitations**

Respondent argues that the Petition should be dismissed because it was filed after the expiration of the statute of limitations.  (ECF Doc. 6 pp. 21-22.)  Mr. Flores does not respond to the statute of limitations argument.  (ECF Doc. 7.)  The undersigned will therefore independently consider whether the Petition was timely filed under the AEDPA statute of limitations.

AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  As applied here, that period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Mr. Flores's judgment of conviction sentencing entry was entered on August 11, 2016.  (ECF Doc. 6-1 pp. 78-83.)  He then had thirty days to file a notice of appeal from that entry.  *See* Ohio App. R. 4(A)(1).  The thirtieth day – September 10, 2016 – fell on a Saturday.  Thus, he had until Monday, September 12, 2016 to file his appeal.  *See* Ohio App. R. 14(A).  He did not file an appeal within that time.  His judgment therefore became final on September 12, 2016, and the statute of limitations began running on September 13, 2016.  He then had one year – until September 13, 2017 – to file his federal habeas petition.  He did not file his Petition until two years after that, on November 7, 2019.  Since he filed his Petition after the expiration of the statute of limitations, his Petition is time-barred unless the statute of limitations was tolled.

**1.**     **Whether Statute of Limitations was Tolled under 28 U.S.C. § 2244(d)(2)**

AEDPA's statutory tolling provision provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Thus, under section 2244(d)(2), the statute of limitations is tolled for as long as a properly filed application for post-conviction relief or other collateral review is pending in the state courts.  *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).  This statutory tolling continues "until the application has achieved final resolution through the State's post-conviction procedures," *Carey v. Saffold*, 536 U.S. 214, 220 (2002), and further "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review," *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (internal quotations omitted).

Section 2244(d)(2) does not toll the limitations period during the filing of a subsequent petition for certiorari to the United States Supreme Court because such a petition is federal and therefore "not a part of a 'State's post-conviction procedures.'" *Lawrence v. Fla.*, 549 U.S. 327, 337 (2007) (quoting 28 U.S.C. § 2244(d)(2)).  In addition, the tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).  Thus, once the limitations period has expired, a "collateral petition[] can no longer serve to avoid a statute of limitations." *Id.*

Here, Mr. Flores filed a petition to vacate and/or or set aside judgment of conviction on August 14, 2017 (ECF Doc. 6-1 pp. 84-103), before the statute of limitations had expired.  Prior to that filing, the statute of limitations had run for 335 days.  The trial court later denied the petition (*id.* at pp. 104-12), and Mr. Flores pursued appeals with the Sixth Appellate District (*id.* at pp. 113-44) and the Supreme Court of Ohio (*id.* at pp. 154-73).  The court of appeals affirmed the trial court decision on September 28, 2018 (*id.* at pp. 145-53) and the Supreme Court of Ohio

declined jurisdiction on January 23, 2019 (*id.* at 174).  The statute of limitations began running again on January 24, 2019, the day after the Supreme Court of Ohio declined jurisdiction.[2]

Because 335 days of the one-year AEDPA statute of limitations had elapsed when Mr. Flores filed his post-conviction petition on August 14, 2017, only thirty days remained in the limitations period when it began running again on January 24, 2019.  Thirty days from January 24, 2019 was February 23, 2019, which was a Saturday.  Thus, after applying the statutory tolling provision in section 2244(d)(2), Mr. Flores had until Monday, February 25, 2019 to file his federal habeas petition  *See* Fed. R. Civ. P. 6(a)(1)(C).  Mr. Flores did not file his Petition until November 7, 2019, more than eight months after the statute of limitations expired.  Accordingly, the undersigned must conclude that the application of statutory tolling under 2244(d)(2) does not cure the untimely filing of Mr. Flores's Petition.

### 2.    Whether Mr. Flores is Entitled to Equitable Tolling

The AEDPA statute of limitations may be equitably tolled in appropriate circumstances.  The Supreme Court has explained that this defense "is not jurisdictional" and "does not set forth an inflexible rule requiring dismissal whenever its clock has run."  *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted).  Equitable tolling allows federal courts to excuse the statute of limitations bar where tolling is appropriate to "relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules."  *Holland*, 560 U.S. at 650 (internal quotations omitted).  There are generally two forms of equitable tolling available in this context, traditional equitable tolling and tolling based on "actual innocence."

---

[2] Respondent's suggestion that Mr. Flores is entitled to an additional ninety days of tolling during the time when he had the opportunity to file a petition for certiorari with the U.S. Supreme Court (ECF Doc. 6 p. 21) is not supported by the law.  *See Lawrence*, 549 U.S. at 332 ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari."); *see also Parsons v. Turner*, No. 3:12-CV-02300, 2014 WL 197781, at *4 (N.D. Ohio Jan. 14, 2014) (finding petitioner "not entitled to the ninety additional days to appeal to the United States Supreme Court," because his "motion for delayed appeal [was] not part of direct review")(relying on *Lawrence*, 549 U.S. at 332).

To support traditional equitable tolling, Mr. Flores must show that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal citations and quotations omitted); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Tolling is evaluated on a case-by-case basis and must be "applied sparingly," with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted). "[P]ro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse . . . late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Hall*, 662 F.3d at 750-752 (lack of transcript, pro se status and limited law library access did not warrant equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding "lack of legal training, [a petitioner's] poor education, or even [a petitioner's] illiteracy" are not reasons to toll the statute of limitations).

Mr. Flores "may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012) (citing *Murray v. Carrier,* 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Mr. Flores has not responded to Respondent's statute of limitations argument, let alone argued that equitable tolling applies. Further, a review of the record reveals no indication that

Mr. Flores diligently pursued his rights, or that extraordinary circumstances stood in the way of timely filing his habeas petition.  Instead, the record reflects that he did not pursue a direct appeal, waited almost one year to file his state petition for post-conviction relief, and waited over nine months after the Supreme Court of Ohio declined jurisdiction before filing his federal habeas petition.  Further, Mr. Flores has not asserted that there is new evidence demonstrating his factual innocence, and indeed pled guilty to the offenses at issue and emphasized in his Traverse that he is not challenging the voluntariness of that guilty plea.  (ECF Doc. 7 p. 1.)

For all of the reasons set forth above, the undersigned concludes that Mr. Flores has not met his burden to demonstrate that the Petition is subject to equitable tolling.  Because the Petition was filed more than eight months after the expiration of the one-year AEDPA statute of limitations, the undersigned recommends that the Court **DISMISS** the Petition as untimely.

## C.    Whether Mr. Flores Forfeited his Habeas Claims When He Pled Guilty

Although the statute of limitations analysis above warrants dismissal of the Petition, the undersigned will also address Respondent's second argument, that Mr. Flores's claims were forfeited in light of his guilty plea.  (ECF Doc. 6 pp. 21-22.)  There is no dispute that Mr. Flores pled guilty to engaging in a pattern of corrupt activity and aggravated trafficking (ECF Doc. 6-1 pp. 69-77), the same charges he challenges in his Petition (ECF Doc. 1).  Respondent argues that the plea was a "break in the chain of events that preceded" his plea, and that his plea precluded him from asserting any habeas claim other than a challenge to the voluntariness of his plea. (ECF Doc. 6 p. 11 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).)  Further, because Mr. Flores did not challenge the voluntariness of his plea in state court proceedings, Respondent argues his claims are procedurally defaulted and cannot be raised in these federal habeas proceedings.  (*Id.* at pp. 7-13.)  Petitioner responds that he "is not and has not challenged the

12

voluntariness of his guilty pleas" (ECF Doc. 7 pp. 1-2) and argues that this case does not "fall[]

under the same standard of review" as *Tollett* (*id.* pp. 4-5).

The U.S. Supreme Court in *Tollett* explained the impact of a guilty plea on a petitioner's

ability to later challenge his conviction or sentence in federal collateral proceedings:

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process. When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267.  The Court explained that a petitioner may only "attack the voluntary

and intelligent character of the guilty plea by showing that the advice he received from counsel"

to plead guilty was "outside the range of competence demanded of attorneys in criminal cases."

*Id.* at 267-68.  "Accordingly, when the judgment of conviction upon a guilty plea has become

final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to

whether the underlying plea was both counseled and voluntary."  *United States v. Broce*, 488

U.S. 563, 569 (1989).

Under the *Tollett* standard, "[f]ederal habeas corpus review of claims raised by a

petitioner who has entered a guilty plea" is generally "limited to 'the nature of the advice and the

voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity.'"

*Marsh v. Berghuis*, No. 1:09-CV-703, 2009 WL 3055206, at *3 (W.D. Mich. Sept. 18, 2009)

(quoting *Tollett*, 411 U.S. at 266).  This means a collateral attack via a federal habeas petition is

generally foreclosed where a "plea was both counseled and voluntary."  *Broce*, 488 U.S. at 569;

*see also Clausell v. Olson*, No. 2:16-CV-250, 2016 WL 7155383, at *5 (W.D. Mich. Dec. 8,

2016) ("It has long been the case that a valid guilty plea bars habeas review of most non-

jurisdictional claims alleging antecedent violations of constitutional rights.") (citing *Tollett,* 411

U.S. at 267); *Suttles v. Warden, Noble Corr. Inst.*, No. 1:06-CV-00055, 2007 WL 2110498, at

*12 (S.D. Ohio July 17, 2007) ("Claims about the deprivation of constitutional rights that occur

before the entry of a guilty plea are foreclosed by that plea.").

Here, Mr. Flores has clearly asserted that he is not challenging the voluntariness of his

guilty pleas.  (ECF Doc. 7 pp. 1-2.)  Under the general standard outlined in *Tollett*, he would

therefore be barred from challenging his convictions through the claims asserted in the Petition.

Nevertheless, there are some claims that courts have held may be collaterally attacked despite a

guilty plea, such as "where on the face of the record the court had no power to enter the

conviction or impose the sentence."  *Broce*, 488 U.S. at 569; *see also Clausell*, 2016 WL

7155383, at *5 (explaining that claims not barred by a guilty plea include challenges to "the very

power of the State to bring the defendant into court to answer the charge against him . . . and

those that challenge the validity of the guilty plea itself") (citing and quoting *Blackledge v.

Perry*, 417 U.S. 21, 30 (1974); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462

U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267); *Marsh*, 2009 WL 3055206, at *3 (same).

The undersigned will therefore consider whether Mr. Flores has asserted any claim for

relief in Grounds One, Two, or Three of the Petition that fits an exception to the general rule that

Mr. Flores's guilty plea precludes him from challenging his convictions in this habeas action.

1.       **Whether Mr. Flores's Plea Precluded the Habeas Claim in Ground One**

In his first ground for relief, Mr. Flores asserts that the trial court violated his Fifth

Amendment right to be free of double jeopardy because he "was sentenced to 36 months in

federal prison for the exact same crime and same set of facts he is serving time for now."  (ECF

Doc. 1 p. 5, ECF Doc. 1-1 pp. 4-6, ECF Doc. 7 pp. 2-3 (referencing *United States v. Flores*, 2012

U.S. App. Lexis 24684 (6th Cir. 2012).)

In 2007, Mr. Flores pled guilty in federal district court to conspiracy to possess with intent to distribute cocaine, crack, and marijuana. *See United States v. Flores*, 506 F. App'x 468, 468-89 (6th Cir. 2012). The court sentenced him to twenty-seven months in prison and four years of supervised release. *Id.* at 469. In 2011, the district court revoked his term of supervised release and sentenced him to an additional thirty-six months in prison on four grounds: new law violation; failure to submit monthly reports; failure to submit to drug testing; and failure to report his address. *Id.* at 468-69. As summarized by the federal court of appeals in its decision affirming the revocation of Mr. Flores's term of supervised release and new prison sentence:

> The original violation report stated that law enforcement officers found over twenty kilograms of cocaine when executing a state search warrant at Flores's home. A superceding report alleged that $381,000.00 and drug packaging materials were found in the search, but did not mention any amount of drugs. At the revocation hearing, Flores admitted violating his supervised release conditions by failing to submit monthly reports, failing to submit to drug testing, and failing to report his address. The government submitted the testimony of a witness who was not personally involved in the search, but who essentially reported the contents of the superceding violation report. The district court found that Flores had violated all four conditions of his supervised release. The court varied upward from the twenty-four to thirty month advisory sentencing guidelines range and sentenced Flores to the maximum thirty-six months of imprisonment.

*Id.* at 469. Mr. Flores does not challenge his federal term of imprisonment in this action.

After serving the prison term imposed by the district court following his violation of supervised release, Mr. Flores pled guilty in state court to two offenses: engaging in a pattern of corrupt activity and aggravated trafficking. (ECF Doc. 6-1 pp. 74-77.) Then, a year after entering that guilty plea in state court, Mr. Flores filed his state petition for post-conviction relief, raising his double jeopardy challenge. (*Id.* at pp. 84-103.) The state courts denied Mr. Flores's request for post-conviction relief (*id.* at pp. 104-12, 145-53, 174), and he now seeks federal collateral relief.

The Supreme Court has considered "the circumstances under which a defendant who has entered a plea of guilty to a criminal charge may assert a double jeopardy claim in a collateral attack upon the sentence." *Broce*, 488 U.S. at 565.  The Court explained that:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*Id.* at 569.  The Court found that this general rule applied to bar that double jeopardy claim, but noted: "There are exceptions [to this general rule] where on the face of the record the court had no power to enter the conviction or impose the sentence." *Id.*  The Court further explained that "a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute." *Id.* at 575 (quoting *Menna v. New York*, 423 U.S. 61, 63, n. 2 (1975) (emphasis in original); *see also Menna*, 423 U.S. at 62 ("Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.") (citation omitted).

A review of Mr. Flores's double jeopardy claim in Ground One reveals that the limited exceptions articulated in *Broce* and *Menna* are not met in this case.  The claim in Ground One is based on the assertion that he "was sentenced to 36 months in federal prison for the exact same crime and same set of facts he is currently serving a sentence for now."  (ECF Doc. 7 p. 2.)  In fact, applicable law establishes that Mr. Flores's 2011 federal prison sentence was a penalty attributed to his 2007 federal conviction for conspiracy to possess with intent to distribute

cocaine, crack, and marijuana, not to his later 2016 state convictions for engaging in a pattern of corrupt activity and aggravated trafficking.

The U.S. Supreme Court has made it clear that penalties imposed for a violation of federal supervised release are attributed to the original federal conviction, and are not a punishment for the conduct underlying the more recent violation of the conditions of release. *See Johnson v. U.S.*, 529 U.S. 694, 700 (2000). The Court explained:

> [S]erious constitutional questions [] would be raised by construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release. Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt. … Where the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have already done), avoids these difficulties. … We therefore attribute postrevocation penalties to the original conviction.

*Johnson*, 529 U.S. at 700 (citations omitted).

Because reimprisonment following the revocation of supervised release is a punishment attributed to the original conviction, double jeopardy does not apply to preclude prosecution for the new conduct that led to the revocation. *See U.S. v. Dowl*, 956 F.3d 904, 907 (6th Cir. 2020) ("Should the government press new charges based on the conduct that led to the revocation of supervised release, double jeopardy does not apply.") (citing *Johnson*, 529 U.S. at 700); *U.S. v. Flanory*, 45 Fed. Appx. 456, 462 (6th Cir. 2002) ("[N]o double jeopardy concerns are implicated as the re-incarceration was not attributable to the new state criminal offense, but rather is attributable to the original conviction.") (citing *Johnson*, 529 U.S. at 700-01).

It is additionally noted that the U.S. Supreme Court has affirmed the validity of the "dual-sovereignty" doctrine, explaining "that a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign" such that "a State may prosecute a

defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."  *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019).

Mr. Flores argues that the "dual-sovereignty" doctrine should not apply because the state prosecution was a "sham" prosecution or "merely a cover for the previous federal prosecution" because "the federal authorities dictated and controlled the entire case."  (ECF Doc. 1-1 p. 5 (citing *Bartkus v. Illinois*, 359 U.S. 121 (1959).)  Thus, he contends he was "twice judged on the same set of facts for the same crime."  (ECF Doc. 1-1 p. 6.)  But this argument fails.  First, Mr. Flores has failed to demonstrate that the elements of a sham prosecution have been established in this case.  And second, the federal prison sentence he challenges was attributed to his 2007 federal conviction, not the conduct that formed the basis for his 2016 pleas and convictions.

For the reasons set forth above, the undersigned finds Mr. Flores has failed to demonstrate that the claim asserted in Ground One fits any exception to the general rule that his guilty plea precludes him from asserting a federal habeas challenge to his resulting convictions. The record reflects that "the underlying plea was both counseled and voluntary," *Broce*, 488 U.S. at 569, a fact that Mr. Flores does not dispute.  Accordingly, the undersigned finds Mr. Flores's guilty plea has foreclosed the collateral attack on his convictions in Ground One.

### 2.        Whether Mr. Flores's Plea Precluded the Habeas Claim in Ground Two

In his second ground for relief, Mr. Flores asserts that his trial counsel rendered ineffective assistance because he failed to investigate the facts of the case, failed to interview potential witnesses, failed to effectively examine an allegedly defective search warrant, and failed to consider and present a defense of vindictive prosecution.  (ECF Doc. 1 p. 7, ECF Doc. 1-1 pp. 6-7, ECF Doc. 7 pp. 4-5.)  Since Mr. Flores is not challenging the voluntariness of his guilty plea (ECF Doc. 7 p. 1), it need only be considered whether the claims in Ground Two

18

meet any exception to the rule that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Broce*, 488 U.S. at 569.

Mr. Flores argues that this case does not "fall[] under the same standard of review" as *Tollett* because that was a case where the defendant pled guilty on the advice of counsel and that advice was not within the standards set in *McMann v. Richardson*, 397 U.S. 759 (1970). (ECF Doc. 7 p. 4.)  Here, in contrast, Mr. Flores contends that his trial attorney would have discovered defects in the applicable search warrant if he "actually took the time to read the search warrant and its return[] carefully," and that his trial attorney erroneously failed to consider and present the defense of vindictive prosecution. (*Id.* at pp. 4-5.)

Contrary to Mr. Flores's arguments, the standard set forth in *Tollett* is not limited to cases where the petitioner is challenging the voluntariness of his plea.  Quite the opposite, the Supreme Court in *Tollett* held that a criminal defendant who has pled guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," except that he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." 411 U.S. at 267.

Courts applying this standard have consistently held that federal habeas claims of ineffective assistance based on a failure to investigate the legality of a search warrant, arrest, or indictment are barred following the entry of a guilty plea.  *See, e.g., Suttles*, 2007 WL 2110498, at *12 (concluding that petitioner's "claims [that] his trial counsel was ineffective for failing to investigate the legality of the search warrant, arrest, and indictment and to object to the imposition of a sentence in violation of Ohio law" concerned "actions taken during the pre-plea

period which [were] barred by his guilty plea"); *Thibodeau v. Artis*, No. 15-CV-13796, 2022 WL 3145961, at *5 (E.D. Mich. Aug. 5, 2022) (finding petitioner's guilty plea foreclosed his claim that his counsel was ineffective for not challenging a search warrant).

Here, the ineffective assistance of counsel claims alleged in Ground Two of the Petition clearly concern "action taken during the pre-plea period which are barred by [Mr. Flores's] guilty plea." *Suttles*, 2007 WL 2110498, at *12; *see Thibodeau*, 2022 WL 3145961, at *5 ("Claims of pre-plea ineffective assistance not relating to the acceptance of the plea are forfeited under *Tollett*."). Mr. Flores has not asserted that these claims fit any of the narrow exceptions described in Section III.C.1., *supra*, and the undersigned sees no evidence that those exceptions are met. Accordingly, and for the reasons set forth in further detail above, the undersigned finds Mr. Flores's guilty plea has foreclosed the collateral attack on his convictions in Ground Two.

### 3.    Whether Mr. Flores's Plea Precluded the Habeas Claim in Ground Three

In his third ground for relief, Mr. Flores challenges the execution of the search warrant in his case, arguing that it was an illegal search and seizure in violation of his Fourth Amendment rights because "it was a warrant that was commanded to be executed at 'night time' but it was executed during the day" and "[t]he unlawfully seized items were used to induce a plea of guilty."  (ECF Doc. 1 p. 8, ECF Doc. 1-1 pp. 7-8, ECF Doc. 7 pp. 3-4.)

Similar to the claims for ineffective assistance of counsel discussed above, Courts applying the *Tollett* standard have consistently held that federal habeas claims challenging the validity of pre-plea search warrants are barred following the entry of a guilty plea. *See, e.g., Clausell*, 2016 WL 7155383, at *5 (concluding that "Petitioner's claim that the search warrant violated the Fourth Amendment [was] an antecedent constitutional violation that [was] not cognizable on habeas review"); *Smith v. Bauman*, No. 5:10-cv-11052, 2016 WL 898541, * 6-7

20

(E.D. Mich. Mar. 9, 2016) (finding petitioner "waived his right to challenge the alleged deprivation of rights that occurred before he entered his plea," including alleged "defects in the warrant and the complaint"); *see also Marsh*, 2009 WL 3055206, at *2-3 (finding a petitioner's challenge to arrest without a warrant was not a jurisdictional challenge and was therefore barred because of his guilty plea).

For the reasons articulated above and in Sections III.C.1. and III.C.2., *supra*, the undersigned finds Mr. Flores's guilty plea has foreclosed the collateral attack on his convictions set forth in Ground Three of the Petition.  Because Mr. Flores's guilty plea precludes him from raising any of the constitutional challenges set forth in Grounds One, Two, and Three of the Petition, the undersigned finds Mr. Flores is barred from asserting those claims and recommends that the District Court **DISMISS** and/or **DENY** the Petition on that basis.

## IV.    Recommendation

For all of the reasons set forth above, the undersigned recommends that the Court **DISMISS** and/or **DENY** Mr. Flores's Petition because it was not timely filed under the AEDPA statute of limitations and because all of the claims for relief set forth in the Petition are barred in light of his June 17, 2016 guilty plea.

Dated: January 13, 2023

*/s/ Amanda M. Knapp*
_____
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).