UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Miguel A. Flores,                           Case No. 3:19-cv-2608

         Petitioner,

v.                                                    ORDER

Neil Turner, Warden,

         Respondent.

       Before me is the January 13, 2023 Report and Recommendation of Magistrate Judge Amanda M. Knapp, recommending I deny *pro se* Petitioner Miguel A. Flores's petition for a writ of habeas corpus under 28 U.S.C. § 2254 because his claims were not filed within the statute of limitations or were precluded by the terms of his plea agreement. (Doc. No. 8).

       Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Walters,* 638 F.2d 947, 949 (6th Cir. 1981). The deadline to file objections was January 27, 2023. The petitioner has not filed any objections and that deadline has passed.

       A copy of the Report and Recommendation mailed to the North Central Correctional Institution in Marion, Ohio, where Flores previously was incarcerated, was returned to the court marked "Unable to Forward." The website of the Ohio Department of Rehabilitation and Correction indicates Flores was released from prison on September 19, 2022, and that his projected release from his halfway house placement was February 26, 2023. *See*

https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A728141 (last accessed July 17, 2023). Flores did not inform the Clerk of Court of his impending release in the fall of 2022, his transfer to a halfway house, or his apparent subsequent release from custody.

The Sixth Circuit has held "parties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal." *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370 (6th Cir. 2007) (citations and quotation marks omitted). Flores has not maintained a current address with this court and also has not met his duty to monitor his case for relevant developments. I have provided an additional period of time beyond the statutory 14-day period for objections and yet Flores has offered no response. Therefore, I deem him to have waived any objection to the Report and Recommendation.

The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also Walters,* 638 F.2d at 950; *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

Following my review of the Magistrate Judge's Report and Recommendation, I accept Judge Knapp's recommendation and dismiss Flores's petition. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge