UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Miguel A. Flores,                                              Case No. 3:19-cv-2608

           Petitioner,

v.                                                             ORDER

Neil Turner, Warden,

           Respondent.

Petitioner Miguel A. Flores, who is proceeding *pro se*, filed a motion pursuant to Federal Rules of Civil Procedure 59 and 60, seeking to vacate my July 25, 2023 order adopting the January 13, 2023 Report and Recommendation of Magistrate Judge Amanda M. Knapp. (Doc. No. 13). Judge Knapp recommended I deny Flores's petition for a writ of habeas corpus under 28 U.S.C. § 2254 because his claims were not filed within the statute of limitations or were precluded by the terms of his plea agreement. (Doc. No. 8). I adopted Judge Knapp's recommendation as unopposed and denied Flores's petition, after over six months passed following the statutory deadline for Flores to file objections. (Doc. No. 10).

Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Flores contends I should vacate my July 25, 2023 judgment because he was never served with a copy of Judge Knapp's Report and Recommendation. (Doc. No. 13 at 2). He asserts he mailed a notice of change of address to the Clerk's office after he was released from prison "but never heard anything else from the court." (*Id.*). Further, he argues this "unusual and extreme situation" justifies vacating the decision and allowing him to file objections. (*Id.*) (citation and quotation marks omitted). Flores's argument is not persuasive.

I addressed this precise circumstance in my earlier order:

> A copy of the Report and Recommendation mailed to the North Central Correctional Institution in Marion, Ohio, where Flores previously was incarcerated, was returned to the court marked "Unable to Forward." The website of the Ohio Department of Rehabilitation and Correction indicates Flores was released from prison on September 19, 2022, and that his projected release from his halfway house placement was February 26, 2023. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A728141 (last accessed July 17, 2023). Flores did not inform the Clerk of Court of his impending

>release in the fall of 2022, his transfer to a halfway house, or his apparent subsequent release from custody.
>
>The Sixth Circuit has held "parties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal." *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370 (6th Cir. 2007) (citations and quotation marks omitted). Flores has not maintained a current address with this court and also has not met his duty to monitor his case for relevant developments. I have provided an additional period of time beyond the statutory 14-day period for objections and yet Flores has offered no response. Therefore, I deem him to have waived any objection to the Report and Recommendation.

(Doc. No. 10 at 1-2).

While Flores contends he attempted to notify this court of his transfer to the halfway house, (Doc. No. 13 at 2), he did not monitor the docket to confirm his notice of change of address was filed or determine whether a decision had been issued on his petition, and he did not file an updated notice of change of address after he was released from the halfway house in February 2023. Thus, he still failed to perform his affirmative duty to monitor his case and remain involved in the litigation.

Moreover, to the extent Flores seeks relief under Rule 59(e), I deny his motion as untimely. Rule 59 motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). And courts are not permitted to extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

Therefore, I deny his motion to vacate. (Doc. No. 13).

So Ordered.

>s/ Jeffrey J. Helmick
>United States District Judge